In an action on open account, in which there was an issue as to usury, where the jury found for the plaintiff $550, and where the verdict interpreted in the light of the charge of the court showed it was a finding for principal amount only, the judgment for $2.88 in excess of the amount of principal authorized by the evidence will be reversed, with direction that if the excess be written off as directed, the judgment is affirmed. In view of the obvious intention of the jury to find principal only, any error of omission or commission by the court on the subject of usury was not harmful to the defendant.
 DECIDED OCTOBER 9, 1943.
Fred R. Bennett sued R. B. Harrell on open account. The defendant denied the material allegations of the petition, and alleged that the items of interest shown on the face of the account were in excess of eight per cent. per annum, and that he was entitled to $917.54 in credits as shown by the answer. The action was for $904.74. While on the stand the plaintiff admitted an error of $127.20 which resulted in the failure to list a credit. The evidence was in conflict as to how much was due as principal, the plaintiff contending that the balance was $777.54, while the defendant contended it was $109.95. There was also conflict in the evidence as to whether certain charges, shown by the account to be interest, were interest charges or whether the goods were sold on credit price, which was the cash price plus ten per cent. Some of *Page 53 
the interest items on the account were at seven per cent. As to the matter of usury the question was whether the total interest charges, if not to indicate credit prices, amounted to more than eight per cent. per annum. The court charged the jury as follows: "I charge you that an account bears interest at the rate of seven per cent. per annum upon the principal amount you find in his favor, unless, gentlemen, you find from the evidence that the plaintiff has forfeited the interest, under the rules which I will hereafter give you in charge. I charge you that the legal rate of interest is seven per cent. per annum, where the rate is not named in the contract, and any greater rate must be specified in writing. But in no event shall any person reserve, charge, or take, for the forbearance to enforce the collection of any sum of money, any rate of interest greater than eight per cent. per annum, either directly or indirectly, by way of commission, discount, exchange, or any contract or contrivance whatever, and any agreement performed or unperformed for a greater rate than eight per cent. per annum for interest is what the law terms as usury. Usury is defined by the law as the reserving and taking or contracting to reserve and take, either directly or by indirection, a greater sum for the use of money than the lawful interest. I charge you that the law recognizes the right of a seller to make a difference in his cash price and his time price for his property; and that if a seller and a purchaser agree upon a cash price for property which is the subject-matter of sale, but the sale itself is not for cash but is distinctly on a credit until a particular time in the future, the transaction will not be rendered usurious because the seller adds to the cash price another sum which would exceed eight per cent.
"I charge you that it is your duty to consider all the facts and circumstances, all the evidence both oral and written; and if from that it shall appear to you that the negotiations between the plaintiff and defendant contemplated a cash price, the payment of which was to be deferred in consideration of the computation of interest at a greater rate than allowed by statute, it would be usury, and the plaintiff could not collect any interest. But if the price was a time price increased over a cash price, the law of usury would not apply, and the plaintiff could collect interest at the rate of seven per cent. per annum. Intent to exact or charge usury will not be presumed, and the burden of proving usury rests upon the defendant. *Page 54 
"Now, gentlemen, you will find a verdict in favor of the plaintiff for some amount of principal, which cannot be less than $109.95, and not more than $777.54. If you believe that the plaintiff is entitled to recover only the sum of $109.95 as principal, and you believe he is entitled to collect interest, you will compute the interest at seven per cent. per annum, and the form of your verdict will be: We, the jury, find in favor of the plaintiff the sum of $109.95 principal, and the sum of whatever it may be as interest. If you find in favor of the plaintiff for the full amount of his suit, that is for $777.54, and find that he is entitled to recover interest, you will compute the interest at seven per cent. per annum, and the form of your verdict will be: We, the jury, find in favor of the plaintiff in the sum of $777.54 for principal, and so many dollars, whatever it may be, for interest. If you find some other amount between the lowest amount admitted by the defendant and the greatest amount claimed by the plaintiff, and find that the plaintiff is entitled to recover interest, you will compute the interest at seven per cent. per annum, and the form of your verdict will be: We, the jury, find in favor of the plaintiff so many dollars, naming it, for principal, and so many dollars for interest, naming it. If you find that the plaintiff is not entitled to recover interest, you will simply determine what amount of principal he is entitled to recover, and the form of your verdict will be: We, the jury, find in favor of the plaintiff the sum of so many dollars, naming whatever amount it may be."
The jury found the following verdict: "We, the jury, find in favor of plaintiff $550. This January 13, 1943." The defendant's motion for new trial was overruled, and he excepted.
It is apparent from the verdict, in the light of the court's charge, that the jury intended to find for the plaintiff an amount of principal only. The verdict was $2.88 in excess of the amount of principal which could have been found if the jury found that more than eight per cent. per annum had been charged. The mistake was evidently one of calculation. It was therefore not harmful to the defendant for the court to fail to instruct the jury as a matter of law that the account showed on its face that usury was charged. It was likewise not error to charge that a sale on a *Page 55 
credit price would not be rendered usurious because the seller added to the cash price another sum which would exceed eight per cent. Even if such omission to charge and such charge were erroneous, which we do not concede, the jury did not find any interest, thereby finding that there was usury in the account. If there were any errors of omission or commission in the charge, they were harmless. The judgment is reversed, with the direction that if the sum of $2.88 be written off by the defendant in error, before or at the time the judgment of this court is made the judgment of the court below, the judgment is affirmed.
Judgment reversed, with direction. Stephens, P. J., andSutton, J., concur.